## ENGINEER CO. v. SENN.

(Supreme Court, Appellate Division, First Department. March 11, 1904.)

1. CONTRACT OF EMPLOYMENT—BREACH—PLEADING—BILL OF PARTICULARS.

Where, in an action for damages for defendant's refusal to permit plaintiff to comply with a contract to do certain work, defendant set up a counterclaim that by reason of plaintiff's breach of the agreement defendant had been compelled to employ others to do the work, and that it had been necessary for defendant to procure materials, etc., in all amounting to the sum of $1,062.35, plaintiff was entitled to a bill of particulars stating the names of the persons employed by defendant, the necessary materials furnished, etc., and the sums paid therefor.

Appeal from Special Term, New York County.

Action by the Engineer Company against Jacques Senn. Plaintiff's complaint alleged a cause of action to recover damages sustained by reason of defendant's refusal to permit plaintiff to complete a contract for the operation of certain machinery, etc. Defendant admitted the execution of the contract, denied all other allegations of the complaint, and set up two counterclaims, one of which, alleged in the eighth subdivision of the answer, was for damages in the sum of $1,062.35, alleged to have arisen from plaintiff's alleged breach of the contract, whereby defendant was obliged to hire other persons to do the work which plaintiff had contracted to do, and to procure fuel and other supplies to the amount counterclaimed. Plaintiff moved for an order compelling defendant to serve a bill of particulars, stating, among other things, the date, names of persons employed, materials procured, and sums paid therefor, in such alleged counterclaim, which motion was denied, and plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

James W. Monk, for appellant.
Lyman A. Spalding, for respondent.

PER CURIAM. The plaintiff is entitled to the particulars of the demand contained in the eighth clause of the answer, stating the persons employed by the defendant to do the work therein alleged, and the necessary materials procured by the defendant, and which is alleged to amount to the sum of $1,062.35. The plaintiff can have no knowledge of persons employed by the defendant, or the materials procured by him in the performance of the plaintiff's obligations, and to that extent the motion should have been granted. In other respects, we think the application was properly denied.

The order should be reversed, and the defendant required to furnish a bill of particulars as above indicated, without costs of this appeal.